# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2728

_____

United States of America,                    *
                                             *
                    Appellee,                *
                                             *   Appeal from the United States
        v.                                   *   District Court for the Northern
                                             *   District of Iowa
Larry Davis Carpenter,                       *
                                             *        [UNPUBLISHED]
                    Appellant.               *

_____

Submitted:   January 17, 2002

Filed:   January 29, 2002

_____

Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Larry Davis Carpenter appeals from the final judgment entered in the District Court[1] for the Northern District of Iowa after a jury found him guilty of possessing with intent to distribute over 50 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841. The district court sentenced Carpenter to 70 months imprisonment and four years supervised release. On appeal, Carpenter's counsel has filed a brief and moved to withdraw pursuant to Anders v.

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

California, 386 U.S. 738 (1967), contending that the district court should not have admitted evidence of Carpenter's prior conviction for possessing marijuana and cocaine. For the reasons discussed below, we affirm the judgment of the district court.

Because Carpenter failed to object at trial when the Fed. R. Evid. 404(b) evidence was admitted, our review is for plain error, see United States v. Blum, 65 F.3d 1436, 1439, 1443 (8th Cir. 1995), cert. denied, 516 U.S. 1097 (1996), and we find none. Carpenter's possession of the marijuana and cocaine was relevant to the material issue of knowing possession of and intent to distribute the subject methamphetamine, which was found hidden under Carpenter's bathtub. Further, his possession of the marijuana and cocaine occurred simultaneously with the conduct underlying the instant offense, the possession was proved by a preponderance of the evidence (his guilty plea in state court to possessing the marijuana and cocaine), and the evidence was not more prejudicial than probative. See United States v. Hardy, 224 F.3d 752, 757 (8th Cir. 2000) ("evidence of prior possession of drugs, even in an amount consistent only with personal use, is admissible to show such things as knowledge and intent of a defendant charged with a crime in which intent to distribute drugs is an element") (quoted case omitted); United States v. Benitez-Meraz, 161 F.3d 1163, 1165-66 (8th Cir. 1998) (Rule 404(b) evidence that defendant possessed and distributed cocaine was directly relevant to issue of defendant's knowledge and intent to distribute methamphetamine, because cocaine transactions took place during same time period as alleged methamphetamine transactions and two independent witnesses testified to witnessing cocaine transactions).

After review of counsel's Anders brief, along with our independent review of the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

-2-

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.